UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:09-236-KKC

JANE SCHWEERS, *Trustee of the Stella Stewart*
*Trust f/b/o Jane Schweers and of the Lindsay C. Stewart*
*Irrevocable Trust No. 1 f/b/o Jane Schweers*, et al.,                                    PLAINTIFFS


v.                            **MEMORANDUM OPINION AND ORDER**


MOLLIE McKENZIE STEWART,
LYNNWOOD FARM, INC., et al.,                                              DEFENDANTS

* * * * * * * * * *

This matter is before the Court on the Motion to Dismiss and, in the Alternative, Motions

to Abstain or Hold in Abeyance and for Extension of Time in which to Answer  (DE 8) filed by

certain of the Defendants.

**I.      FACTS.**

**A.      The Parties.**

The two Plaintiffs in this action, Jane Schweers and Ashley T. Schweers, are mother and

daughter, respectively.  Jane and Ashley are suing Jane's brother, Lindsay Stewart III ("Lindsay")

and his daughter, Mollie McKenzie Stewart.

The Schweers have also named the family corporation, Lynnwood Farm, Inc., as a

Defendant.

The Plaintiff Jane  is acting individually and as trustee of two trusts:  the Stella Stewart

Trust and the Lindsay C. Stewart Irrevocable Trust No. 1.

The Schweers assert a claim against Lindsay individually.  They also assert claims against

Lindsay as the executor of the Estate of Evelyn T. Stewart and as trustee of the same two trusts for which Jane is trustee:  the Stella  Stewart Trust and of the Lindsay C. Stewart Irrevocable Trust No. 1.

Lindsay C. Stewart ("Lindsay C.") and Evelyn T. Stewart, now deceased, were Jane and Lindsay's parents.  The Schweers allege that Lindsay C. and Evelyn organized Lynwood Farm, Inc. in or about 1953 and that the corporation acquired certain property located in Bourbon County.  The Complaint refers to this property as the "Farm Property."

### B.     The Schweers' Allegations Regarding the Corporation and Relief Requested Regarding the Corporation.

In their Complaint, the Schweers allege that they "legally or beneficially" own 50% of the corporation's stock and that Lindsay and Mollie "legally or beneficially" own the other 50%. (DE 1, ¶¶  19, 20).

They attach an exhibit to their Complaint purporting to show the "Current Stock Ownership" of the corporation.  The exhibit depicts that Jane and Lindsay's mother's estate – the Evelyn T. Stewart Estate –  is the majority shareholder, owning 36.48% of the corporate stock. Evelyn T. Stewart died on December 21, 2000.

In their Motion  to Dismiss, the Defendants agree that the estate is the majority stockholder of the corporation pending final settlement of the estate (DE 8 at 2) and that the stock remains subject to the administration of the estate in the Bourbon District Court.  (DE 8 at 8-9).  The Schweers explain in their response to the Motion to Dismiss that, pursuant to the terms of Evelyn T. Stewart's will, ½ of the stock held by the estate is to be distributed to a trust for the benefit of Jane and Ashley and ½ to a trust for the benefit of Lindsay and Mollie.

The Schweers allege that Jane and Lindsay are the sole officers and directors of the corporation and have been for more than 8 years.  They allege that Lindsay will not give them access to the corporation's accounting records. The Schweers  further allege that Lindsay is mismanaging the Farm Property and that the property and improvements have fallen into disrepair.

The Schweers ask the Court to partition the Farm Property among the corporation's shareholders (Count I).  They also ask the Court to  dissolve the corporation under KRS 271B.14-330 because the directors and shareholders are deadlocked as to how it should be managed and to appoint a receiver pursuant to KRS 271B.14-310 to preserve the corporation's assets and carry on the business of the corporation (Count II).

### C.     The Schweers' Allegations Regarding the Estate and Relief Requested as to the Estate.

The Schweers allege that Lindsay was appointed executor of the Evelyn T. Stewart Estate on December 27, 2000 but that no settlement of the estate has taken place.  The Defendants agree in their Motion to Dismiss that settlement of the estate has not taken place and that the matter is still pending in the Probate Division of the Bourbon District Court.  (DE 8 at 3-4).

The Schweers ask for an order restraining Lindsay from taking any further action as executor of the estate without an order of this Court. They also ask the Court to order a settlement of the estate in accordance with KRS 395.510.  (Count III).

### D.     Further Relief Requested by the Schweers as to both the Corporation and the Estate.

The Schweers ask the Court to order an accounting of all financial transactions involving the corporation and the estate.  (Count IV).  They also assert a breach of fiduciary duty claim

3

against Lindsay as to his duties as president and shareholder of the corporation and as executor of the estate. (Count V).

Among other things, the Schweers assert that Lindsay has failed to account for condemnation proceeds received by him for the taking of the Farm Property by the Commonwealth of Kentucky; that he has used estate and corporate assets to pay his own and others' personal debts; and that he has failed to pay rent for his personal use of the Farm Property.

**II.     ANALYSIS.**

Lindsay and the corporation move to dismiss the Complaint.  For simplicity, the Court will refer to these moving defendants as the "Defendants."  The Court notes, however, that Mollie has not yet moved to dismiss the claims against her.

**A.     The Probate Exception to Federal Jurisdiction.**

For their first argument on their Motion to Dismiss, the Defendants argue that the Schweers' Complaint must be dismissed under the "probate exception" to federal jurisdiction. That exception "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Marshall v. Marshall*, 547 U.S. 293, 311-12  (2006).

In *Marshall*, the plaintiff's husband died with out leaving anything for the Plaintiff in his will. *Id*. at 300. The plaintiff then sued her deceased husband's son, asserting that the son had tortiously interfered with a gift she expected.  *Id*. at 301.  The son argued that the claim could

4

only be tried in Texas probate proceedings.  *Id*.

The Supreme Court determined that the probate exception did not apply to the plaintiff's claim, noting that it did not "involve the administration of an estate, the probate of a will, or any other purely probate matter." *Id*. at 312.  The Court noted that the plaintiff sought an *in personam* judgment against the son and that she did not seek to reach a *res* in state court custody. *Id*. Finally, the Court noted that there were no "sound policy considerations" that militated in favor of extending the probate exception to the claim because both federal and state courts could address the tort claim and that state probate courts had no "special proficiency" in handling such issues.  *Id.*

In *Wisecarver v. Moore*, 489 F.3d 747 (6th Cir. 2007), the Sixth Circuit addressed the probate exception in a case decided after *Marshall.*  In that case, the plaintiffs sued the primary beneficiaries of the plaintiffs' uncle's estate.  *Id*. at 748. The plaintiffs asserted that the defendants had exerted undue influence on the uncle to cause him to sign the will at issue and failed to use good faith in exercising the power of attorney the uncle granted the defendants. The plaintiffs asserted they were entitled to approximately $500,000, the amount the defendants received under the will.  *Id*. at 748-49.

The plaintiffs sought to enjoin the defendants from disposing of the assets they received under the will; an accounting of all assets the defendants had received during the last two years of the uncle's life; an order divesting the defendants of all property that should be returned to the plaintiffs; and an order declaring the will invalid.  *Id*. at 749.

The court stated that, after *Marshall*, "to the extent that Plaintiffs' claims seek *in personam* jurisdiction over the Defendants" instead of seeking to reach the *res* over which the

state court had custody, "and do not seek to probate or annul a will, the probate exception does not apply." *Id*. at 750.

The court noted that the plaintiffs' claims for breach of fiduciary duty, breach of confidential relationship, undue influence, and fraud alleged that the defendants received assets from the uncle during his lifetime by misusing the power of attorney. *Id*. The court noted the assets were transferred during the uncle's lifetime and were not part of the estate. *Id*.

The court noted that, if the plaintiffs had sought money damages equal to the amount of the probate disbursements, then awarding such damages would clearly be prohibited under the probate exception because it would be the same as setting aside the will. *Id*. at 751 n.1. The court stated that "claims seeking in personam jurisdiction based upon tort liability, " however, are generally not barred under the probate exception because the claims "do not interfere with the *res* in state court probate proceedings or ask a federal court to probate or annul a will." *Id.* at 751.

However, the court held that, in that case, even though the plaintiffs' claims sought *in personam* jurisdiction, most of the relief that the plaintiffs sought would involve disturbing the estate which had already been probated and, thus, fell within the probate exception.   This relief consisted of the requested 1) order enjoining the defendants' disposition of assets received from the estate; 2) order divesting the defendants of all property retained by them; and 2) the declaration that the will was invalid. The court determined that granting this relief  "is precisely what the probate exception prohibits because it would require the district court to dispose of property in a manner inconsistent with the state probate court's distribution of the assets." *Id*.

The court determined that the plaintiffs' claims seeking money damages for the

6

"procurement and promotion of a false will" were also barred by the probate exception because they challenged the validity of the will and would require the district court to "disturb or affect the possession of property in the custody of a state court."  *Id.*

The court determined that other relief requested by the plaintiffs did not, however, fall into the probate exception.  The request for an accounting of the assets received during the last two years of the uncle's life and for a money judgment in an amount to be determined in relation to those assets did not fall within the probate exception because, "the removal of these assets from [the uncle's] estate during his lifetime removes them from the limited scope of the probate exception."  *Id*. at 751.        **1)      Analysis of the Schweers' Claims under the Probate Exception.**

In this case, the Schweers' claims do not require this Court to probate or annul the will. The issue is whether the claims require this Court to administer the Evelyn T. Stewart Estate or to dispose of property that is in the custody of the state probate court.

The Schweers assert a breach of fiduciary duty claim against Lindsay as to his duties as president and shareholder of the corporation and as executor of the estate. The Court has jurisdiction over these claims because they simply assert tort liability against Lindsay individually.  A money judgment against Lindsay does not require the Court to administer any portion of the Estate or affect the possession of property in the custody of a state court. For the same reason, the Court has jurisdiction over the request for an accounting from Lindsay of all transactions involving the corporation.

However, the Schweers also seek an order restraining Lindsay from taking any further action as executor of the estate without an order of this Court and an order requiring a settlement

7

of the estate in accordance with KRS 395.510, a Kentucky state statute granting state circuit

courts jurisdiction over actions for the settlement of an estate. In addition, the Schweers seek an

order requiring this Court to order that Lindsay provide an accounting of all transactions

involving the estate.

These requested remedies would require this Court to become involved in the

administration of the estate.  Accordingly, the Court is prohibited from granting them. *See, e.g.,*

*Butler v. Kosin*, 2009 WL 210721 at * 3 n.3 (W.D.Va. 2009)(a suit filed in federal court "goes

too far in asking to have an accounting of the estate")(quoting *Waterman v. Canal-La. Bank &*

*Trust Co.*, 215 U.S. 33, 45 (1909)).

The Schweers ask the Court to partition the Farm Property which is owned by the

corporation. They also ask the Court to dissolve the corporation under KRS 271B.14-330 and  to

appoint a receiver pursuant to KRS 271B.14-310 to preserve the corporation's assets and carry

on the business of the corporation.

A majority of the corporate shares are currently held by the estate.  Thus, the Court cannot

order that the corporation be dissolved because that would require this Court to dispose of

property that is in the custody of the state probate court. Nor can this Court order that the Farm

Property be partitioned because the property is the primary asset of the corporation. Thus, if this

Court were to order that the Farm Property be partitioned among the corporate shareholders, the

Court would effectively be disposing of property in the estate, i.e., the corporate stock. Further,

partitioning the Farm Property would affect the value of the stock, which is, again, property in

the custody of the estate.  As in *Wisecarver*, partitioning the Farm Property would "involve

disturbing the estate," 489 F.3d at 581, and thus, falls within the probate exception.

8

### 2)      Conclusions Regarding the Probate Exception.

Thus, pursuant to the probate exception to federal jurisdiction, this Court is prohibited from exercising jurisdiction over the Schweers' request that the Court order the corporation dissolved and the Farm Property partitioned.  Nor can this Court exercise jurisdiction over the Schweers' requests for Court orders restraining Lindsay from taking further action as executor of the Estate and requiring a settlement or accounting of the Estate.  Those claims for relief will be dismissed for lack of subject matter jurisdiction.

However, the Court has jurisdiction over the Schweers' breach of fiduciary duty claims against Lindsay as executor of the estate and president and shareholder of the corporation and their request for an accounting from Lindsay of the corporate transactions.

### B.      Ripeness

The Defendants argue that these claims are not ripe.  Ripeness is a "question of timing." *City Communications, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989).  Pursuant to the ripeness doctrine, courts should "decide only existing, substantial controversies, not hypothetical questions or possibilities."  *Id*.  "Ripeness becomes an issue when a case is anchored in future events that may not occur as anticipated, or at all."  *Id*.  In determining whether a case or controversy is ripe for review, the Court applies a three-factor balancing test. The Court considers: 1) the likelihood that the alleged harm will come to pass; 2)  whether the factual record is sufficiently developed to produce a fair adjudication of the merits; and 3) the hardship to the parties if judgment is withheld until after the harm occurs.  *U.S. Postal Service v. Nat'l Ass'n of Letter Carriers*, 330 F.3d 747, 751  (6th Cir. 2003).  The plaintiff has the burden of establishing ripeness. *Connection Distributing Co. v. Holder*, 557 F.3d 321, 342 (6th Cir. 2009).

9

With regard to the breach of fiduciary duty claims, the Schweers allege that Lindsay has already taken actions that breach his fiduciary duty as an officer and shareholder of the corporation and executor of the estate, e.g., he has used estate and corporate assets to pay his own and others' personal debts.  Accordingly, the breach of fiduciary duty claims are ripe for review.

As to the Schweers' request for an accounting of corporate transactions, the Defendants assert that the Schweers already have access to all of Lynnwood Farm Inc.'s corporate records because  the corporate and estate accountant has them.  In their Complaint, however, the Schweers allege that Lindsay has custody and control over the corporate business and accounting records and will not provide Jane with access to them.  Accordingly, the claim for an accounting of the corporate records is also ripe for review.

The Defendants have presented the Court with no other argument for dismissing these claims other than the probate exception and ripeness.

### C.    Abstention and Abatement.

Finally, the Defendants argue that the Court should abstain from exercising jurisdiction over this action or abate this action until the Plaintiffs have "availed themselves of all remedies. . . in the Probate Action." However, this Court has determined it has jurisdiction over the breach of fiduciary duty claims and the claim against Lindsay for an accounting of the corporate records. The Court has also determined those matters are ripe for review. The Defendants provide the Court with no authority directing that this Court should nonetheless decline to exercise jurisdiction over those claims.

### D.    Extension of Time to Answer.

The Defendants request additional time to answer the Complaint.  The Court will grant

them 20 days from the date of this Opinion and Order to answer the Complaint.

### III.    CONCLUSION.

For all these reasons, the Court hereby ORDERS as follows:

1)     the Defendants' Motion to Dismiss (DE 8) is DENIED in part and GRANTED in part;

2)     The motion is GRANTED as to the Plaintiffs' request for an order partitioning the Farm Property; an order dissolving the corporation and appointing a receiver; an order restraining  Lindsay from taking further action as executor of the estate; an order requiring a settlement of the estate; and an order requiring an accounting of the estate. Accordingly, the Court hereby DISMISSES without prejudice Counts I, II, III, and IV insofar as Count IV seeks an order requiring an accounting of the estate.  The Motion to Dismiss is otherwise DENIED;

3)     the Defendants' Motion to Abstain or Hold in Abeyance (DE 8) is DENIED;

4)     the sole remaining claims in this action are the Schweers' breach of fiduciary duty claims against Lindsay as executor of the estate and as an officer and shareholder of the corporation and their claim seeking an accounting of the financial transactions involving the corporation; and

5)     the Defendants' Motion for Extension of Time in which to Answer (DE 8) is GRANTED and the Defendants SHALL FILE an answer within 20 days of the entry date of this Opinion and Order.

Dated this 16th day of March, 2010.



Signed By:

*Karen K. Caldwell*

**United States District Judge**